UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

EDDIE KING, )
)
    Plaintiff, )
)
v. ) CAUSE NO:
)
BARTHOLOMEW COUNTY )
SHERIFF'S DEPARTMENT, ) 1:11-cv-0713 TWP-TAB
)
    Defendant. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This is an action brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq. Eddie King ("King") alleges that the Bartholomew County Sheriff's Department ("Defendant") violated his rights as protected by the ADA.

### PARTIES

2. At all times relevant to this action, King resided within the Southern District of Indiana.

3. Defendant is a governmental entity located in the Southern District of Indiana.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331 and 42 U.S.C. §12117.

5. At all time relevant to this action, King was an "employee" within the meaning of 42 U.S.C. §12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. §12111(5)(A).

7. King is a "qualified individual with a disability" as defined by the ADA, 42 U.S.C.

§§12102(2) and 12111(8).

8. King satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination (Charge No. 470-2009-02877) with the United States Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on disability. On October 18, 2010, the EEOC issued a determination that there was reasonable cause to believe that Defendant violated the ADA. King subsequently received a Notice of Right to Sue Within 90 Days from the United States Department of Justice, Civil Rights Division and timely brings this action within ninety (90) days of his receipt thereof.

9. All of the events, transactions, and occurrences pertinent to this lawsuit have occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

10. King began working for Defendant on April 16, 2008 as a Correction Officer in the Bartholomew County Jail.

11. At all times relevant to this action, King met or exceeded Defendant's legitimate expectations of performance.

12. King is a "qualified individual with a disability" as defined by the ADA.

13. King was required to pass a state certification test in order to remain employed by Defendant as a Correction Officer. After failing the certification test on two occasions, King was asked by Mike Horton, an instructor who administered the test, to read six questions. After observing King read the six questions, Mr. Horton informed King that it was clear that King was suffering from a disability. Mr. Horton then instructed King to request an accommodation from Defendant in regards to the certification test.

14. King complied with Mr. Horton's instructions and requested an accommodation from Defendant on April 29, 2009 with respect to the certification test due to his disability.

15. Defendant terminated King's employment on April 30, 2009.

## VIOLATIONS OF THE ADA

16. King hereby incorporates paragraphs one (1) through fifteen (15) of his Complaint.

17. Defendant discriminated against King in violation of the ADA on the basis of his status as a "qualified individual with a disability" as defined by the ADA, 42 U.S.C. §§12102(2) and 12111(8).

18. Defendant failed to engage in the interactive process with respect to King and never offered any reasonable accommodation(s) to King in spite of his status as a "qualified individual with a disability" as defined by the ADA, 42 U.S.C. §§12102(2) and 12111(8).

19. Defendant's actions were intentional, willful, and/or undertaken in reckless disregard of King's rights as protected by the ADA.

20. King has suffered damages as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Eddie King, requests that this Court find in his favor and provide him with the following relief:

1. Order Defendant to reinstate King to the Correction Office position he held at the time of his termination on April 30, 2009 or pay to King front pay in lieu thereof;

2. Enjoin Defendant from further violations of the ADA with respect to King;

3. Order Defendant to pay to King lost wages and benefits;

4. Order Defendant to pay to King compensatory damages;

5. Order Defendant to pay King's attorneys' fees and costs;

6.  Order Defendant to pay to King pre- and post-judgment interest on all sums recoverable; and

7.  Order Defendant to provide to King any and all other legal and/or equitable relief that may be just and proper.

Respectfully submitted,

_____
Andrew G. Jones (#23020-49)

_____
Philip J. Gibbons, Jr. (#19353-49)

GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:    (317) 616-3337
E-Mail:         ajones@gibbonsjones.com
                    pgibbons@gibbonsjones.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Eddie King, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

_____
Andrew G. Jones (#23020-49)
Philip J. Gibbons, Jr. (#19353-49)
GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:    (317) 706-1100
Facsimile:    (317) 616-3337
E-Mail:       ajones@gibbonsjones.com
              pgibbons@gibbonsjones.com

Attorneys for Plaintiff